JOHN MORROW ET AL., APPELLEES, v. T. F. BARNES, APPELLANT.

FILED MAY 21, 1908. No. 15,200.

Trial: INSTRUCTIONS. A party is not entitled to a reversal of an adverse judgment because of a defective instruction, which, with another given at his request, fairly submits his theory of the case.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Perry & Lambe, H. M. Sinclair* and *W. D. Oldham,* for appellant.

*J. M. Mohney* and *T. D. Leib, contra.*

EPPERSON, C.

Defendant appeals from a judgment obtained against him upon a promissory note. The defense was duress. The court gave to the jury an instruction, the objectionable part of which is as follows: "In order to find that the note sued on in this action was procured by duress, the defendant must satisfy you by proof and a preponderance of the evidence that at a short time previous to the execution and delivery of the note the plaintiffs * * * had threatened the defendant, T. F. Barnes, with arrest and prosecution for an alleged crime, * * * and that defendant had no adequate and ready redress for such threatened acts, and that the threats so made must have been of such a character as to naturally overcome the mind

and will of a person of ordinary firmness and deprive him
for the time being of the power and will to resist the
demand by the person making such threats." Late de-
cisions of this court have followed a more liberal defini-
tion of the word "duress," and hold that this defense is
sufficient if it is shown that by reason of threats or other
unlawful means the defendant was deprived of his will
and understanding, and that the contract sued upon was
not his free and voluntary act. *Nebraska Mutual Bond
Ass'n v. Klee,* 70 Neb. 383; *Iowa Savings Bank v. Frink,*
1 Neb. (Unof.) 14.

The appellant thinks it apparent that the trial court
had read and followed some ancient and abandoned text-
book. We find, however, that the trial court followed a
suggestion of modern origin. The record discloses that
the defendant, through his attorney then employed, re-
quested an instruction containing the identical matters
complained of in the instruction assailed. It is in part
as follows: "If you believe from the evidence * * *
that the defendant had no ready and adequate (redress),
and that the plaintiffs threatened him with unlawful im-
prisonment and with unlawful criminal prosecutions,
* * * and * * * by such threats excited and created
a fear of grievous and irredeemable injury to his prop-
erty, or of unlawful imprisonment, * * * and you
further find that such threats so made by the plaintiffs,
or either of them, are sufficient under the circumstances
to overcome the will of a person of ordinary courage, and
sufficient to induce such a person to execute and deliver
the note sued on under such circumstances as proved,
then your verdict should be for the defendant." This
instruction also was given by the court. If the one com-
plained of by the defendant is erroneous, it necessarily
follows that the one requested by defendant also is erro-
neous. A party cannot complain of an error which he
invokes. Following this rule, we find the action of the
court does not call for a reversal. The instruction given

47

on defendant's request is somewhat broader than the other, in that it submitted to the jury the question as to whether or not the alleged threats created in the defendant a fear of unlawful imprisonment. The two instructions must be read together. No inconsistency is apparent. They fairly presented the theory of the defendant, and he cannot now complain.

Defendant suggests that the evidence is not sufficient to support the verdict. It would not be profitable to review the evidence at length in this opinion. We have read the record, and are convinced that the case was fairly tried upon the defendant's theory, and that the evidence sustains the verdict.

We recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.